IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENE CAHILL on behalf of ) <br> LINDSAY CAHILL, a minor ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIVE NATION, HANOVER TOWNSHIP, ) <br> WASHINGTON COUNTY, ) <br> PENNSYLVANIA, CHIEF GEHO, and ) <br> OFFICER ZOLLER ) <br> ) <br> Defendants. ) | C. A. No. 08- <br><br><br><br><br> **Jury Trial Demanded** |

## COMPLAINT IN CIVIL ACTION

### INTRODUCTORY FRCP 8 (a) STATEMENT

1. This action is brought by Gene Cahill on behalf of Lindsay Cahill, his minor daughter pursuant to the Civil Rights Act of 1873, as amended 42 U.S.C.§1983 against the above-named defendants arising from events that occurred on July 29, 2008. On that date, Lindsay Cahill was a business invitee at the Post-Gazette Pavilion, a concert venue owned and operated by defendant Live Nation, Inc. (Live Nation), where she was attending the "WarpedTour" concert. Live Nation (and/or its predecessor corporate entities) hired Hanover Township Police Officers to provide security at its concert venue, intending that such officers would utilize their badges of authority and exercise their police powers on its behalf to enforce its internal rules and regulations. Live Nation, however, based on previous complaints, knew and/or should have known that such officers were not properly trained, supervised and/or regulated to perform the duties for which those officers had been hired. Live Nation based on previous complaints, also, knew or should have known that on

numerous occasions in the past that such officers violated the constitutional rights of citizens attending concerts at the Post-Gazette Pavilion, including the violation of citizens' rights to be free from unreasonable searches and seizures, the use of excessive force, the filing of false and malicious criminal charges. Despite its knowledge, Live Nation took no action, precautions, or any adequate measures to prevent such abuses from occurring in the future. Likewise, defendants Hanover Township and Geho, despite their respective supervisory responsibilities and knowledge of past abuses by Hanover Township Police Officers, failed to properly train, supervise, regulate, and/or otherwise take appropriate precautions to prevent such constitutional abuses from occurring in the future. As a direct result of the aforesaid defendants' conduct the plaintiff's minor daughter was subjected to false arrest, the use of excessive and unnecessary force, and the filing of false and malicious charges, in violation of the plaintiff's minor daughter's rights under the fourth and fourteenth amendments to the United States Constitution. In addition to the federal constitutional claims, plaintiff also asserts common law tort claims of false arrest, assault and battery, malicious prosecution, and intentional infliction of emotional distress against defendant Live Nation. Correspondingly, plaintiff also asserts common law tort claims against Live Nation based, inter alia, on respondeat superior, strict liability, and/or negligent failure to supervise and/or negligent hiring and/or retention of security personnel.

**JURISDICTION**

2.  This court has jurisdiction over the instant claims pursuant to its federal question and civil rights jurisdiction pursuant to 28 USC §1331 and 28 USC §1343(4) respectively. This court also has diversity jurisdiction and/or pendant jurisdiction over the plaintiff's common law claims.

**PARTIES**

3. The plaintiff Gene Cahill, is an adult individual residing in Allegheny County, Commonwealth of Pennsylvania. He is the parent and guardian of Lindsay Cahill, his minor daughter.

4. Live Nation, is a California corporation authorized to conduct business in the Commonwealth of Pennsylvania with a principal place of business located at the Post-Gazette Pavilion, in Hanover Township, Washington County, Pennsylvania.

5. At all relevant times, Live Nation, was acting by and through its duly authorized employees and/or agents, who were then and there acting within the course and scope of their employment, in accordance with the customs, practices, procedures of such a defendant and under color of state law.

6. At all relevant times, Live Nation, owned, and/or operated the Post-Gazette Pavilion in Hanover Township, Washington County, Pennsylvania.

7. At all relevant times, Live Nation, employed security personnel at its Post-Gazette Pavilion including police officers from Hanover Township, and knew, and/or should have known that such police officers utilized their badges of authority and exercised their State endowed police powers on its behalf to enforce Live Nation's internal rules and regulations and/or to otherwise achieve Live Nation's private security objectives at the Post-Gazette Pavilion.

8. Live Nation based upon complaints made to it and/or to its predecessor corporate entities knew and/or should have known, that police officers from Hanover, hired by Live Nation to provide security services at the Post-Gazette Pavilion, were improperly trained, supervised, and/or regulated with respect to the performance of such duties on

3

behalf of Live Nation, and that as a result of such lack of training, supervision, and/or regulation, that patrons and/or business invitees at the Post-Gazette Pavilion, had been subjected to false arrest, the use of excessive force, the filing of false and malicious criminal charges, and that such persons also suffered common law torts of assault, battery, false arrest, malicious prosecution, and the intentional and/or negligent infliction of emotional distress.

9. At all relevant times, Live Nation failed to adequately train, supervise or control the Hanover police officers employed by it to ensure that such officers did not improperly utilize their public authority and State endowed police powers in enforcing its internal rules and regulations and/or in achieving such defendant's private security objectives at the Post-Gazette Pavilion, including that such defendant knew and/or should have known based upon complaints made to it and/or to its predecessor corporate entities that police officers employed by it carried out false arrests, used excessive force, and/or filed false and malicious criminal charges against patrons and/or business invitees at the Post-Gazette Pavilion.

10. The defendant, Hanover Township, Washington County, Pennsylvania (Hanover) is a municipality located within the Commonwealth of Pennsylvania duly authorized to operate and maintain a police department. At all times relevant hereto, this defendant was acting, by and through its duly authorized employees, and/or agents, who were then and there acting within the course and scope of their employment, and in accordance with the customs, policies and practices of such defendant, and who were also acting under color of state law.

4

11. At all relevant times, Hanover, failed to adequately train, supervise, or control its police officers whom this defendant knew had been hired by Live Nation to enforce its internal rules and regulations and/or to otherwise achieve Live Nation's private security objectives at the Post-Gazette Pavilion.

12. At all relevant times, Hanover knew that its police officers hired by Live Nation to provide security services at Live Nation's Post-Gazette Pavilion would utilize their public authority and State endowed police powers to enforce its internal rules and regulations and/or to otherwise achieve Live Nation's private security objectives at the Post-Gazette Pavilion.

13. Hanover knew that its police officers hired to perform security at the Post-Gazette Pavilion had on prior occasions violated citizens' constitutional rights, including violating citizens' constitutional rights under the fourth, and fourteenth amendments, including false arrest, the use of excessive force, the filing of false and malicious criminal charges.

14. Despite its knowledge that Hanover police officers hired to perform security at the Post-Gazette Pavilion had on prior occasions violated citizens' constitutional rights, Hanover took no action, precautions, or any adequate measures to prevent such abuses from occurring in the future.

15. Hanover's knowledge of prior constitutional violations and its failure to take any action, precautions, or adequate measures to prevent such abuses from occurring in the future, including its failure to properly train, supervise and/or regulate its police officers, constituted a custom, policy and/or practice of deliberate indifference to the constitutional rights of citizens attending concerts at the Post-Gazette Pavilion.

16. The defendant Chief Geho, is an adult individual residing in Washington County, who at all relevant times was the Chief of Police of the Hanover police department, and who, in such capacity, was responsible to ensure that police officers assigned to perform security duties at the Post-Gazette Pavilion were adequately trained, supervised, controlled and/or regulated.

17. At all relevant times, this defendant was acting under color of state law and in accordance with the customs, policies and/or practices of the Hanover police department. This defendant is sued in his individual capacity.

18. Geho failed to adequately train, supervise, or control police officers under his supervision whom this defendant knew had been hired by Live Nation to perform security duties at Live Nation's Post-Gazette Pavilion.

19. Geho knew that Hanover Township police officers hired to perform security at the Post-Gazette Pavilion had on prior occasions violated citizens' constitutional rights, including violating citizens' constitutional rights under the first, fourth, and fourteenth amendments, including false arrest, the use of excessive force, the filing of false and malicious criminal charges, and the retaliatory use of police authority on account of protected first amendment speech.

20. Despite his knowledge that Hanover police officers hired to perform security at the Post-Gazette Pavilion had on prior occasions violated citizens' constitutional rights, Geho took no action, precautions, or any adequate measures to prevent such abuses from occurring in the future.

21. Geho's knowledge of prior constitutional violations and his failure to take any action, precautions, or any measures whatsoever to prevent such abuses from occurring in

6

the future, including his failure to properly train, supervise and/or regulate police officers under his supervision, constituted a custom, policy and/or practice of deliberate indifference to the constitutional rights of citizens attending concerts at the Post-Gazette Pavilion.

22. The defendant Officer Zoller is an adult individual who is believed to reside in Washington County, who at all relevant times was a police officer employed by Hanover and/or Live Nation, who was then and there acting under the color of state law, and in accordance with the customs, policies, practices and/or procedures of such police department. On July, 29, 2008 this defendant was also employed by Live Nation, subject to its control and supervision to perform security duties at Live Nation's Post-Gazette Pavilion.

**FACTUAL ALLEGATIONS**

23. On July 29, 2008, Lindsay Cahill attended a concert at the defendant Live Nation's Post-Gazette Pavilion.

24. After the concert, as Ms. Cahill, was leaving the Post-Gazette Pavilion she was suddenly, and without warning, accosted by defendant Zoller, allegedly for improperly walking across a parking lot lane. Ms. Cahill was placed in a choke hold, lifted off of her feet, and dragged across the lane, where she was held by the defendant against her will.

25. Subsequent to the use of this unnecessary and excessive force, defendant Zoller initiated disorderly conduct charges against Ms. Cahill for allegedly failing to obey an "order" to exit a so-called "fire lane" and for entering a vehicle over Zoller's objections.

26. No probable cause and/or reason to believe existed for the criminal offenses with which he charged the plaintiff's minor daughter. All criminal charges brought against the plaintiff's minor daughter were subsequently withdrawn.

7

27. As a direct and proximate result of defendants' conduct as hereinbefore described, the plaintiff's minor daughter has suffered severe emotional distress, embarrassment, humiliation and damage to reputation.

28. As a direct and proximate result of defendants' conduct as hereinbefore described, the plaintiff's minor daughter has suffered physical injuries for which she has in the past and may in the future, require medical care and/or incur medical expenses.

29. As a direct and proximate result of defendants' conduct as hereinbefore described, the plaintiff's minor daughter was subject to assault and battery, false arrest, false imprisonment, and the filing of false and malicious charges.

30. As a direct and proximate result of defendants' conduct as hereinbefore described, the plaintiff's minor daughter was subjected to a violation of her rights under the fourth and fourteenth amendments to the United States Constitution, including her right to be free from unreasonable seizures, use of excessive force, the filing of false and malicious charges.

**CAUSES OF ACTION**

**CAHILL v. LIVE NATION, INC.-14TH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM**

31. Paragraphs 1 through 30 are hereby incorporated by reference as if set forth at length herein.

32. Plaintiff asserts a cause of action against defendant Live Nation under the substantive due process clause of the fourteenth amendment made actionable against such defendant pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

33. The plaintiff's fourteenth amendment substantive due process claim asserted against Live Nation is based upon its notice of past abuses committed by Hanover

8

Township Police Officers hired by it to work at the Post-Gazette Pavilion in response to which Live Nation failed to take precautions or other adequate measures to prevent such abuses from occurring in the future.

34. Plaintiff's fourteenth amendment substantive due process claim against Live Nation is also based upon its failure to adequately train, supervise, and/or regulate Hanover police officers hired by it to provide security services at the Post-Gazette Pavilion.

35. The violation of the plaintiff's rights under the first and fourth amendments as hereinbefore described, were proximately caused by the custom, practice, and/or policy of Live Nation acquiescing in the violation of citizens' constitutional rights as committed by Hanover police officers hired by Live Nation to provide security services at the Post-Gazette Pavilion.

**CAHILL v. LIVE NATION**

**CAUSE OF ACTION ASSERTING NEGLIGENT SUPERVISION, REGULATION, OF EMPLOYEES HIRED TO PERFORM SECURITY DUTIES AND/OR NEGLIGENT HIRING OF SUCH EMPLOYEES.**

36. Paragraphs 1 through 35 are hereby incorporated by reference as if set forth at length herein.

37. Live Nation hired Hanover Police Officers to provide security services at the Post-Gazette Pavilion even though such defendant knew or should have known that those officers were not properly trained, supervised, or regulated with respect to the performance of those duties.

38. Live Nation hired Hanover Police Officers to provide security at the Post-Gazette Pavilion, even though such defendant knew or should have known that those

9

officers had in the past violated citizens' constitutional rights under the first, fourth and fourteenth amendments to the United States Constitution.

39. Live Nation in connection with the supervision and/or regulation of Hanover Police Officers hired by it to perform security services at the Post-Gazette Pavilion gave improper and/or ambiguous orders to those officers in connection with the performance of their duties and/or failed to make proper regulations for the performance of those duties.

**CAHILL v. LIVE NATION, INC.**

**VICARIOUS LIABILITY/STRICT LIABILITY FOR THE COMMON LAW TORTS COMMITTED BY ITS EMPLOYEES AND/OR AGENTS**

40. Paragraphs 1 through 39 are hereby incorporated by reference as if set forth at length herein.

41. Live Nation is vicariously liable and/or strictly liable for the common law torts perpetrated by its employees and/or agents in the performance of security duties on behalf of Live Nation performed at the Post-Gazette Pavilion.

**CAHILL v. ZOLLER**

**CAUSES OF ACTION UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND COMMON LAW CLAIMS OF ASSAULT, BATTERY, MALICIOUS PROSECUTION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

42. Paragraphs 1 through 41 are hereby incorporated by reference as if set forth at length herein.

43. Plaintiff asserts a cause of action against defendant Zoller for the violation of his minor daughter's fourth amendment rights to be free from an unreasonable seizure, the use of excessive force and/or the filing of false and malicious charges made actionable against this defendant pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

10

44. Plaintiff asserts common law causes of action against defendant Zoller for false arrest, assault and battery, intentional infliction of emotional distress, and the filing of false and malicious criminal charges against the plaintiff's minor daughter.

**CAHILL v. HANOVER TOWNSHIP AND CHIEF GEHO-14TH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM**

45. Paragraphs 1 through 44 are hereby incorporated by reference as if set forth at length herein.

46. Plaintiff asserts claims against Hanover and Chief Geho pursuant to the substantive due process clause of the fourteenth amendment to the United States Constitution as made actionable against these defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

47. Defendants Hanover and Chief Geho failed to adequately train, supervise, and/or regulate Hanover Police Officers providing security services at the Post-Gazette Pavilion, despite such defendants' knowledge that such lack of training, supervision, etc., exposed citizens attending concerts at the Post-Gazette Pavilion to the violation of their constitutional rights under the first, fourth and fourteenth amendments to the United States Constitution.

48. Defendants Hanover and Chief Geho, were on notice of past constitutional violations committed by Hanover Police Officers providing security services at the Post-Gazette Pavilion, and acquiesced in such constitutional violations and/or failed to take precautions and/or adequate measures to prevent such constitutional abuses from occurring in the future.

49. The violation of the plaintiff's rights under the first and fourth amendments as hereinbefore described, were proximately caused by the custom, practice, and/or policy of

11

defendants Hanover and Geho acquiescing in the violation of citizens' constitutional rights as committed by its police officers hired by Live Nation to provide security services at the Post-Gazette Pavilion.

WHEREFORE, plaintiff requests judgment in his favor for compensatory and/or punitive damages against defendants Live Nation, Zoller and Geho and compensatory damages against Hanover in an amount in excess of $75,000.00 and for the award of attorney's fees and costs and such other relief as this court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Timothy P. O'Brien
Timothy P. O'Brien, Esquire
PA I.D. #22104
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Attorney for plaintiff